UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD SHAFFER,

    Petitioner,

v.                                                          Case No. 3:17-cv-448-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

## ORDER

**I.**   **Status**

Petitioner Richard Shaffer, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on April 7, 2017.[1] Shaffer challenges a 2014 state court (Duval County, Florida) conviction for attempted lewd or lascivious molestation for which he is currently serving a fifteen-year term of incarceration. Doc. 1 at 1. Shaffer raises one claim for relief premised upon an assertion of actual innocence. Doc. 1 at 5-6. Respondents assert the Petition is untimely filed and request dismissal of

---

[1] Giving Shaffer the benefit of the mailbox rule, the Court finds that his pleadings were filed on the respective dates Shaffer handed them to prison authorities for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

this case with prejudice. See Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 20) (Resp.).[2] Shaffer filed a Reply. See Doc. 23. This case is ripe for review.[3]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

[3] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. <u>Analysis</u>

On February 10, 2014, Shaffer entered an open plea of guilty to attempted lewd or lascivious molestation. Resp. Ex. B6. On April 10, 2014, the trial court adjudicated Shaffer as a sexual predator and sentenced him to a fifteen-year term of incarceration. Resp. Ex. B3. Shaffer filed a timely motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l) on April 24, 2014.[4] Resp. Ex. B5. The trial court entered an order denying Shaffer's Rule 3.170(l) motion on November 4, 2014. Resp. Ex. B6. Shaffer did not appeal the trial court's order of denial; thus, his judgment and sentence became final upon the expiration of the time to file a notice of appeal, December 4,

---

[4] A review of the trial court docket shows that Shaffer's Rule 3.170(l) motion was docketed twice. See <u>State v. Shaffer</u>, 16-2013-CF-1333 (Fla. 4th Cir. Ct.).

3

2014.[5] See Williams v. State, 215 So.3d 642, 643 (Fla. 5th DCA 2017) (holding timely Rule 3.170(l) motion delays the rendition of the judgment and sentence until the trial court files a signed written order disposing of the motion); Fla. R. App. P. 9.020(i)(1). Shaffer's one-year statute of limitations began to run the next day, December 5, 2014, and expired one year later on December 7, 2015,[6] without Shaffer filing a state postconviction motion that would toll the one-year period.

After the expiration of his federal limitations period, Shaffer filed approximately four motions for postconviction relief.[7] See Resp. Exs. B1 at 1-11; C1; B7. Because there was no time left to toll, however, Shaffer's motions for postconviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be

---

[5] Respondents erroneously assert that Shaffer's judgment and sentence became final on November 4, 2014. Resp. at 4. However, finality of Shaffer's judgment and sentence was delayed upon the filing of his Rule 3.170(l) motion, and it did not become final until the expiration of the time to appeal the trial court's order denying his Rule 3.170(l) motion. See Branham v. Sec'y Dept. of Corr., No. 8:06-cv-569-T-17EAJ, 2008WL 344510, at *3 (M.D. Fla. Feb. 7, 2008).

[6] The last day fell on a Saturday, so the period continued to run until the following Monday. See Fed. R. Civ. P. 6(1)(C).

[7] Respondents provide a detailed summary of Shaffer's postconviction history. See Resp. at 1-3.

4

'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Court finds that the Petition is untimely filed.

Because the Petition is untimely, to proceed, Shaffer must show he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (recognizing equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)(per curiam) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Shaffer claims that he is entitled to equitable tolling because his medical condition prevented him from timely filing his Petition. Doc. 23 at 4-5. According to Shaffer, he "suffered a heart attack on Wednesday and two days later on Friday suffered a massive stroke." Id. at 5. Shaffer asserts that these health issues occurred

"during the time periods that required him to file his petition within the allotted time frames." <u>Id.</u> at 6. Although the Court is without sufficient facts to properly consider Shaffer's claim of equitable tolling, it does recognize that such catastrophic events might, in some circumstances, warrant consideration of equitable tolling. Nevertheless, even assuming <u>arguendo</u> that Shaffer is entitled to equitable tolling, his claim is still without merit.

In his only ground for relief, Shaffer argues that he is actually innocent of the attempted lewd or lascivious molestation because "the undisputed evidence demonstrates that an 'actual' not an 'attempted' battery occurred." Doc. 1 at 6. According to Shaffer, the factual basis for his plea shows that he actually touched the minor child, and thus, he pled guilty to a crime that he did not commit. <u>Id.</u> Even if the Court could entertain a free-standing innocence claim, <u>cf.</u> <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1356 (11th Cir. 2007), Shaffer's claim that he is actually guilty of the primary crime of lewd or lascivious molestation rather than an "attempted" lewd or lascivious molestation wholly fails to establish that he is "actually innocent." <u>See, e.g.</u> <u>Rozelle v. Sec'y Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1015 (11th Cir. 2012) (concluding that, in the context of a timeliness analysis, Petitioner "fail[ed] to state a cognizable actual innocence claim" and reasoning that "the narrow and extraordinary nature of <u>Schlup</u>'s[8] actual innocence 'gateway' does not extend to petitioners . . . who did the killing and whose alleged 'actual innocence' of a non-capital homicide

---

[8] <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

6

conviction is premised on being guilty of only a lesser degree of homicide"). As such, Shaffer is not entitled to federal habeas relief on this claim.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Shaffer's Petition (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Shaffer appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

---

[9] The Court should issue a certificate of appealability only if Shaffer makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Shaffer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Richard Shaffer, #280671
Michael McDermott, Esq.