UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD SHAFFER,

     Petitioner,

v.                                  Case No. 3:17-cv-448-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

     Respondents.

## ORDER

Before the Court is Petitioner's Motion to Amend or Alter Judgment (Doc. 26), filed January 18, 2019, pursuant to Federal Rule of Civil Procedure 59(e).[1] A motion to alter or amend a judgment may be filed pursuant to Rule 59(e). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest

---

[1] Initially, Petitioner filed the Motion to Amend or Alter Judgment under Rule 60(b)(1). See Doc. 26 at 1. However, in his Motion for Extension of Time to File a Notice of Appeal (Doc. 27), Petitioner requested that the Court construe the Motion to Amend or Alter Judgement as being filed under Rule 59(e). See Doc. 27 at 2.

injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

Petitioner has not asserted viable grounds to warrant the Court's reconsideration of its December 27, 2018, Order denying the Petition and dismissing this case with prejudice. See Doc. 24. He attempts to recant the allegations he made in his Petition that he is actually innocent of attempted lewd and lascivious molestation because he actually committed the crime. See Doc. 26 at 3. He also claims that the Court should have found that equitable tolling was applicable. Id. at 5. The Court finds that Petitioner's assertions do not support reconsideration under Rule 59(e). Petitioner simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which would arguably fall under Rule 59(e).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Amend or Alter Judgment (Doc. 26) is **DENIED**.

2. If Petitioner appeals the Court's denial of his Rule 59(e) Motion, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

3. Petitioner's Motion for Extension of Time to File a Notice of Appeal (Doc. 27) is **DENIED as moot**. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court [a timely motion to alter or amend judgment under Rule 59] the time to file an appeal runs for all parties from the entry of the order disposing of the [Rule 59 motion]."). If Petitioner elects to file a notice of appeal, he must do so within thirty days of the entry of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

Jax-7

C: Richard Shaffer, #280671
Michael McDermott, Esq. requires